IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MAURICE HARPER | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | NO. 13-4901 |

MEMORANDUM

KELLY, J.  SEPTEMBER 3, 2013

Maurice Harper brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, primarily based on his allegation that his right to a speedy trial has been violated in connection with a criminal proceeding that is currently pending in the Philadelphia Court of Common Pleas. See CP-51-CR-0006700-2009. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

I. FACTS

Plaintiff was arrested on March 19, 2009 and charged with drug-related offenses. At trial, Officer Frank Bonett allegedly "slandered plaintiff with lies during cross-examination," causing the judge to order a mistrial. (Compl. ¶ II.D.) Plaintiff was not immediately retried, but was instead transferred to federal custody for violating his supervised release, which he believes violated the Interstate Agreement on Detainers.

While in federal custody, plaintiff sent several letters to his attorney, Brendan T. McGuigan, and the District Attorney's

1

office requesting a speedy trial. Although he is no longer in federal custody, plaintiff is still awaiting trial on the state charges. He claims that his right to a speedy trial has been violated and that Judge Daniel J. Anders, the judge assigned to his criminal case, set bail in an excessive amount.

Based on those facts, plaintiff initiated this action, pursuant to 42 U.S.C. § 1983, against the Commonwealth of Pennsylvania, Mayor Michael Nutter, District Attorney Seth Williams, Judge Anders, Officer Bonnet, Police Commissioner Charles Ramsey, Attorney McGuigan, and Assistant District Attorney Eitan Blanc. He seeks money damages from the defendants for the violation of his constitutional rights.

## II. STANDARD OF REVIEW

As plaintiff has satisfied the criteria set forth in 28 U.S.C. § 1915, he is granted leave to proceed in forma pauperis. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

Procedure 12(b)(6), see <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. <u>Buck v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding <u>pro se</u>, the Court must construe his allegations liberally. <u>Higgs v. Att'y Gen.</u>, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Plaintiff's claims against the Commonwealth of Pennsylvania lack legal merit because the Commonwealth is entitled to Eleventh Amendment immunity from suit under 42 U.S.C. § 1983 and, in any event, is not a "person" for purposes of that provision. See <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 65-66 (1989). His claims against Judge Anders are also legally frivolous because Judge Anders is entitled to absolute immunity from § 1983 claims based on acts taken in his judicial capacity while presiding over plaintiff's criminal case. See <u>Gallas v. Supreme Court of Pa.</u>, 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). Similarly, plaintiff's claims against Assistant District Attorney Blanc and District Attorney Seth Williams are legally frivolous because those defendants are entitled to absolute prosecutorial immunity based on the manner

in which they handled, or failed to handle, plaintiff's case in court. See Imbler v. Pactman, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983."); Santos v. New Jersey, 393 F. App'x 893, 894 (3d Cir. 2010) (per curiam) ("[E]ven if [plaintiff] could show that the alleged delays in his case were based on administrative rather than judicial considerations of the prosecutor, the doctrine of absolute immunity would apply." (citing Van de Kamp v. Goldstein, 555 U.S. 335, 344 (2009)).

Plaintiff's claims against attorney McGuigan fail because his attorney is not a state actor for purposes of § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). His claims against Officer Bonett based on allegedly false testimony that Bonett gave at trial are legally baseless because a witness has immunity from § 1983 claims based on his trial testimony. See Rehberg v. Paulk, 132 S. Ct. 1497, 1505 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony.").

Plaintiff has not clearly articulated a basis for his claims against Mayor Nutter and Commissioner Ramsey. It appears that he included those defendants simply because of their high level positions with the City of Philadelphia. However, "vicarious liability is inapplicable to . . . § 1983 suits." Iqbal, 556 U.S. at 675. Furthermore, to the extent that plaintiff is raising claims based on his arrest by the Philadelphia Police Department, which occurred on March 19, 2009, his claims are time barred.[1] See Wallace v. Kato, 549 U.S. 384, 393-94 (2007); see also 42 Pa. Cons. Stat. § 5524.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed. As it appears that amendment would be futile, plaintiff will not be given leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

---

[1] Documents attached to the complaint also reference a January 7, 2010 arrest and an associated criminal proceeding in Philadelphia Municipal Court, MC-51-CR-0000903-2010. The publicly available docket reflects that the related charges were withdrawn as of August 25, 2010. Accordingly, any constitutional claims related to that arrest and prosecution are likewise time-barred.